UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:14-CV-635-TBR

STATE AUTO PROPERTY &
CASUALTY INSURANCE COMPANY                                         PLAINTIFF

v.

HIGHLAND TERRACE COUNSEL
OF CO-OWNERS, INC., *et al.*                                       DEFENDANTS

**MEMORANDUM OPINION**

State Auto Property & Casualty Insurance Company ("State Auto") disputes that it has a duty to defend Highland Terrace Counsel of Co-Owners, Inc. ("Highland Terrace") in a lawsuit that Pitaya, Inc. filed against it in state court. State Auto refuses to defend Highland Terrace, claiming that Highland Terrace is not covered under its insurance policy. As such, State Auto brought this declaratory action and moved for summary judgment. Because the policy does not require State Auto to provide a defense under these circumstances, the motion is granted.

I.

The state court dispute involves Highland Terrace (a condominium regime) and Pitaya (the owner of a condominium within that regime). It began after Highland Terrace imposed a $700,000 special assessment for building repairs. Pitaya says that Highland Terrace, through its board, violated the master deed and by-laws in levying that special assessment. It sued Highland Terrace in Jefferson Circuit Court, alleging five causes of action: (1) breach of contract; (2) breach of fiduciary duties and the covenant of good faith and fair dealing; (3) negligent representation and grossly negligent representation; (4) declaration of rights action and action to quiet title; and (5) equitable relief. Specifically, the complaint alleges that Highland Terrace: (1)

elected its board of directors in violation of its by-laws; (2) passed the $700,000 special assessment in violation of the master deed; (3) assessed non-incurred expenses; (4) assessed more costs than were actually incurred; (5) failed to properly seek remuneration for the negligence and fraud of a builder and prior Highland Terrace agents; (6) denied Pitaya access to limited common elements in violation of the by-laws; and (7) failed to maintain a capital replacement fund in violation of the master deed. DN 9-2, PageID # 194-99. Confronted with this lawsuit, Highland Terrace turned to its insurer, State Auto, for a legal defense. Citing the terms of the commercial general liability policy (the "CGL Policy"), State Auto declined.

The CGL Policy provides that State Auto "will pay those sums that [Highland Terrace] becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies." DN 1-1, PageID # 105, § I, ¶ 1(a). It further states that State Auto "will have the right and duty to defend [Highland Terrace] against any 'suit' seeking those damages. However, [State Auto] will have no duty to defend [Highland Terrace] against any 'suit' seeking damages for 'bodily injury' or 'property damage' to which this insurance does not apply." *Id.*

It only applies if the "bodily injury" or "property damage" "is caused by an 'occurrence.'" *Id.* at § I, ¶ 1(b). "Occurrence" is defined: It "means an accident, including continuous or repeated exposure to substantially the same general harmful conditions. Faulty workmanship does not constitute an 'occurrence,' however, 'property damage' to property other than 'your work' that directly results from faulty workmanship is an 'occurrence' under this policy." *Id.* at PageID # 143.

Highland Terrace also points to the "Directors, Officers, and Trustees Liability Coverage Endorsement" (the "D & O Policy"). The relevant language provides:

2

    a. [State Auto] will pay on behalf of the named insured all "loss" in excess of the deductible shown in the Declarations for which the named insured may be required or permitted to indemnify its directors, officers, or trustees, individually or collectively, arising out of their "wrongful acts."

    b. [State Auto] will pay on behalf of directors, officers, and trustees "loss" arising from any claims made against them, individually or collectively, by reason of their "wrongful acts."

    [State Auto] will have the right and duty to defend any "suit" seeking "damages" and, at our discretion, investigate any "wrongful conduct" and settle any "claim" or "suit" that may result . . . .

    However, we have no duty to defend "suits" as a result of "wrongful acts" not covered by this coverage form.

*Id.* at PageID # 132. The sole issue before the Court is whether State Auto must defend Highland Terrace under either of those two provisions.

## II.

State Auto has moved for summary judgment, which is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In analyzing a motion for summary judgment, a court views the evidence in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). But "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which a reasonable jury could return a verdict for the non-moving party." *Id.* at 248. The Court must ultimately determine whether "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* The interpretation of an insurance contract may be properly resolved as a matter of law. *See Bituminous Cas. Corp. v. Kenway Contracting, Inc.*, 240 S.W.3d 633, 638 (Ky. 2007).

## III.

"Under Kentucky law, a court should determine at the outset of litigation whether an insurance company has a duty to defend its insured by comparing the allegations in the underlying complaint with the terms of the insurance policy." *Westfield Ins. Co. v. Tech Dry, Inc.*, 336 F.3d 503, 507 (6th Cir. 2003). "[A]n insurer has a duty to defend if there is any allegation which potentially, possibly or might come within the coverage terms of the insurance policy." *Cincinnati Ins. Co. v. Motorists Mut. Ins. Co.*, 306 S.W.3d 69, 79 (Ky. 2010) (quotation omitted). In analyzing the policy, courts must interpret unambiguous provisions according to their plain and ordinary meaning. *York v. Ky. Farm Bureau Mut. Ins. Co.*, 156 S.W.3d 291, 293 (Ky. 2005); *U.S. Fid. & Guar. Co. v. Star Fire Coals, Inc.*, 856 F.2d 31, 33 (6th Cir. 1988). But any terms that are susceptible to multiple meanings must be resolved in the insured's favor. *Stamper v. Hayden*, 334 S.W.3d 120, 123 (Ky. App. 2011). "An ambiguity may either appear on the face of the policy or . . . when a provision is applied to a particular claim." *St. Paul Fire & Marine Ins. Co. v. Powell-Walton-Milward, Inc.*, 870 S.W.2d 223, 227 (Ky. 1994).

There are two policy provisions at issue: (A) the CGL Policy and (B) the D & O Policy. The Court will address both in turn.[1]

A.

The language of the CGL Policy is unambiguous. It requires State Auto to provide a defense when property damage is caused by an "occurrence." This "means an accident." DN 1-3, PageID # 143. "Inherent in the plain meaning of 'accident' is the doctrine of fortuity." *Cincinnati Ins. Co.*, 306 S.W.3d at 74. "In short, fortuity consists of two central aspects: intent . . . and control." *Id.* "To be fortuitous, harm must be unintentional and also must be caused by a chance event beyond the control of the insured." *Global Gear & Mach. Co., Inc. v. Capitol*

---

[1] State Auto's motion for summary judgment focused entirely on the CGL Policy. The response of Highland Terrace did not address that argument and instead focused on the D & O Policy. In the interest of completeness, the Court will address both.

4

*Indem. Corp.*, No. 5:07-cv-184-R, 2010 WL 3341464, at *2 (W.D. Ky. Aug. 23, 2010) (citing *Cincinnati Ins. Co.*, 306 S.W.3d at 74, 76)).

None of the unlawful conduct alleged in Pitaya's complaint was accidental. The entire complaint revolves around Highland Terrace's decision to levy the $700,000 assessment. That assessment was the intended result of an intentional act by the board. The same is true of the remaining allegations—unlawfully electing directors, assessing more costs than were actually incurred, failing to seek recovery from a builder, denying Pitaya access to common areas, and failing to maintain a replacement fund. All were intentional acts or omissions, not accidents. They fall outside CGL Policy, so that policy does not require State Auto to provide a defense.

B.

The language from the D & O Policy is also unambiguous. It requires State Auto to "pay on behalf of directors, officers, and trustees 'loss' *arising from any claims made against them, individually or collectively*, by reason of their 'wrongful acts.'" *Id.* (emphasis added). Here, no Highland Terrace directors are named as defendants in the state court litigation. There are therefore no "claims made against them." The policy also requires State Auto to "pay on behalf of the named insured all 'loss' . . . *for which the named insured may be required or permitted to indemnify its directors, officers, or trustees, individually or collectively*, arising out of their wrongful acts." DN 1-1, PageID # 132 (emphasis added). But without claims against the directors, there is no need for indemnification.

Highland Terrace emphasizes the next line in the D & O Policy, which provides that State Auto has the "duty to defend any 'suit' seeking 'damages' . . . ." *Id.* Because the policy defines "wrongful act" to include acts attributed to both Highland Terrace and its directors, Highland Terrace argues that it is entitled to a defense in the state court case. But this argument ignores

5

another, common-sensical clause: State Auto has "no duty to defend 'suits' as a result of 'wrongful acts' not covered by this coverage form." *Id.* Because Pitaya asserted the state court lawsuit against Highland Terrace (a corporation) and not the directors (as individuals), State Auto is not required to provide coverage under the D & O Policy. And because it is not required to provide coverage, it need not provide a defense.

This result is consistent with the spirit of the D & O Policy. These kinds of policies "exist to fund indemnification covenants that protect corporate directors and officers from personal liability, not to protect the corporation by which they are employed." *Med. Mut. Ins. Co. of Me. v. Indian Harbor Ins. Co.*, 583 F.3d 57, 59 (1st Cir. 2009). Pitaya sued Highland Terrace, not its directors. Though the directors, and not the corporation, literally performed the allegedly unlawful acts, no evidence suggests they could be personally liable in the state court action. As such, the D & O Policy does not require State Auto to provide a legal defense.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that State Auto's motion for summary judgment is GRANTED.

IT IS FURTHER ORDERED that State Auto is not required to provide a defense for Highland Terrace in the matter of *Pitaya, Inc. v. Highland Terrace*, No. 14-CI-003575, currently pending in Jefferson Circuit Court.

All other motions are moot.

cc:     Counsel of Record